808

## FAULKNER v. MAGRI.
### No. 4142.

Circuit Court of Appeals, Fourth Circuit.
June 14, 1937.

Harry H. Byrer, of Martinsburg, W. Va., for appellant.

Charles R. Beall and Clarence E. Martin, both of Martinsburg, W. Va. (Martin & Seibert and Clarence E. Martin, Jr., all of Martinsburg, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from an order of the District Court of the United States for the Northern District of West Virginia, affirming the allowance by the referee in bankruptcy of the claim of Teresa A. Magri, the appellee, for the sum of $7500 and interest, in the matter of the Berkeley Club Ginger Ale Company, a corporation, bankrupt.

The bankrupt had, for a number of years, been engaged in the manufacture, bottling, sale, and distribution of carbonated ginger ale and other nonalcoholic beverages in Berkeley Springs, Morgan county, W. Va. During the years 1927 and 1928 the appellee loaned the corporation various sums of money totaling $7,451.15, exclusive of interest. The receipt of this money was shown upon the books of the corporation and the loans were evidenced by unsecured notes.

Early in the year 1932, the appellee demanded payment of the notes which were all then due. At the time of this demand the statement of its financial condition, taken from the books of the company, showed that it was solvent, although its capital was to some extent impaired. Not wishing to pay the notes at that time, the officers of the corporation offered to give appellee a new note payable in one year, with interest from date, and to secure the same by a deed of trust conveying the real and personal property constituting the plant of the corporation, which property was at that time unencumbered. The appellee agreed to this proposition, and at a meeting of the stockholders of the corporation on June 10, 1932, a resolution was passed authorizing the directors to borrow the said sum and to secure the same by the deed of trust agreed upon. On the same day the board of directors passed a similar resolution and authorized the president of the company to execute and deliver the note for the $7,500 and to execute and deliver the deed of trust.

The note and deed of trust were executed and delivered and the deed of trust was placed on record in the office of the clerk of the county court of Morgan county on the same day.

On February 26, 1934, the corporation was adjudged an involuntary bankrupt. In the bankruptcy proceedings that followed the appellee filed her claim as a secured debt and the claim was allowed by the referee, as secured. On petition for review, filed by appellant as trustee of the bankrupt, the finding of the referee was affirmed by the judge of the District Court, who filed a well-considered opinion giving his findings of fact and conclusions of law, and an order entered to that effect. From this action of the court below this appeal was brought.

The appellant takes the position that the actual cash making up the $7,500 was received by the corporation prior to the execution of the deed of trust and that the resolution of the stockholders reciting that it was being borrowed at the time of such execution was fraudulent and that the giving of the lien was for the purpose of hindering, delaying, or defrauding creditors, and was therefore void.

The sole question involved is whether the giving of the lien was a fraud upon the creditors. We do not think it was.

At the time of the giving of the lien, appellee was in a position to demand immediate payment of her entire debt, and, upon refusal of payment by the corporation, could have at once proceeded to collect it. She agreed not to exercise this right and placed herself in a position where she could not legally exercise it for one year. The judge below found that at that time the company was solvent. The statement of its condition taken from its books showed that its assets exceeded its liabilities by a large amount. It is apparent from the record that the failing condition of the corporation, that finally resulted in its bankruptcy, had not, at the time of the creation of the lien, become evident. Just what brought about the failure of the company is not disclosed.

The deed of trust creating the lien was in proper form and the description of the debt in it was sufficient. The fact that it was for a pre-existing debt in no way creates any presumption of fraud so long as the transaction was in good faith. The resolution of the stockholders reciting that the money was to be borrowed is in language frequently used where the lien is being given for a debt already existing, and there is nothing in the record to charge the appellee with knowledge of the statement in the resolution.

In Wood v. Weimar, 104 U.S. 786, 793, 26 L.Ed. 779, in passing upon a somewhat similar transaction, the court said: "* * * Chief Justice Marshall said: 'It is not to be denied that a deed which misrepresents a transaction it recites, and the consideration on which it is executed, is liable to suspicion. It must sustain a rigorous examination. It is, certainly, always advisable fairly and plainly to state the truth. But if, upon investigation, the real transaction shall appear fair, though somewhat variant from that which is described, it would seem to be unjust and unprecedented to deprive the person claiming under the deed of his real equitable rights, unless it be in favor of a person who has been in fact injured and deceived by the representation.' Here it has been found that all was fair. It was material for creditors to know the amount of the indebtedness secured, and the property covered. These are truly stated. To enforce his mortgage, the mortgagee must prove his debt, and he can only recover to the extent of what he proves. If the items which make up the debt are particularly described in the mortgage, it may save trouble in establishing the facts; but if there has been no fraud, and subsequent creditors have not been injured by the omission of specifications, identity may be established by parol. In making the proof, the debt must come fairly within the general description which has been given; but if it does, and the identity is satisfactorily made out, the mortgage will be sustained where good faith exists."

The transaction here involved will, so far as the record discloses, bear the closest scrutiny. The money was lent in good faith; the deed of trust was properly authorized and executed and promptly placed upon record so that all creditors of the corporation, then existing or future, had notice of the creation of the lien and the giving of the preference, which was done nearly two years before bankruptcy. Under the circumstances existing here, to make the lien a void one it must have been given within four months of bankruptcy. The mere giving of a preference is not of itself sufficient to establish fraud, especially where the debtor is, at the time, solvent. As was said by Judge Soper, of this court, in Finefrock v. Kenova Mine Car Company, 37 F.(2d) 310, 313:

"Moreover, it should be borne in mind that it is well settled that proof of ac-

tual fraud is required when the charge is made that property has been transferred with intent to hinder, delay, and defraud creditors, and that the mere intent to prefer one of the creditors is not sufficient to establish fraud or to justify the setting aside of a preferential transfer, as sometimes happens under certain provisions of the National Bankruptcy Act."

Here there is no proof of actual fraud; on the contrary, the evidence conclusively establishes the fact that the entire transaction was in good faith; the corporation was solvent when the lien was created; the lien was promptly recorded and there was no effort to keep it secret; and the findings of the judge below were not only based upon substantial evidence but were clearly correct.

In view of our conclusions as above set out, it is not necessary to decide whether the giving of the new note and the deed of trust amounted to a novation or whether, if fraudulent, that fact could be taken advantage of by subsequent creditors not existing at the time of the creation of the lien.

The order of the court below is affirmed.

Affirmed.